IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CR-384-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KIJUAN HAASSAN SHARP, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to suppress (DE 85), and motion to dismiss (DE 101, 103). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Kimberly A. Swank, entered memorandum and recommendation ("M&R"), wherein it is recommended that defendant's motion to suppress be denied. (DE 102).[1] Defendant timely objected to the M&R. For the following reasons, defendant's motions are denied.

**STATEMENT OF THE CASE**

Indictment filed September 18, 2019, charges defendant with bank robbery in violation of 18 U.S.C. § 2113(a) (count one), conveying false information in violation of 18 U.S.C. § 1038(a)(1) (count two), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (count three). Upon motion filed by defendant's first retained counsel, on February 10, 2020, the court allowed counsel to withdraw and the court appointed the Federal Public Defender to represent defendant. Counsel Kyana K. Givens ("Givens") entered an appearance on behalf of

---

[1] As detailed herein, at the same time, the magistrate judge also ordered standby counsel for defendant to file a status report and ordered the government to provide certain items in discovery. The M&R and order, together, are referenced herein as the magistrate judge's "M&R and order."

defendant on February 12, 2020. Thereafter, on August 19, 2020, the court granted motion to withdraw filed by Givens, and allowed plaintiff to proceed pro se in this case, with Givens appointed as stand by counsel.

Defendant pleaded not guilty and shortly thereafter filed the instant pro se motion on April 20, 2021, seeking to suppress materials obtained upon execution of a search warrant at a residence at 609 Grantland Drive, Raleigh, North Carolina (the "residence") on August 30, 2019. Defendant requests that all evidence obtained from the search be suppressed or, in the alternative, that a hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978) be held, and that subpoenas be issued in connection with the Franks hearing. Defendant also requests that any body-worn camera, video, and audio recordings of the search be disclosed to him.

At pretrial conference held on April 22, 2021, the court allowed plaintiff to supplement the motion with a supporting memorandum, and set deadlines for government response and reply.[2] In opposition to the motion, the government relies upon an application for a search warrant by Federal Bureau of Investigation special agent, Gregory S. Garey ("Garey"), of the residence (DE 93-1). In reply, defendant relies upon documents pertaining to Home at Heart Properties Group LLC (DE 96-1; 98-1). Shortly thereafter, defendant filed a motion for defense preparation resources (DE 97) and motion for hearing regarding standby counsel and access to legal materials (DE 100), which motions were referred to magistrate judge for decision.

The magistrate judge entered M&R and order on September 20, 2021, wherein it is recommended that defendant's motion to suppress be denied, and wherein the court addressed defendant's motions for defense preparation resources and motion for hearing. The court ordered standby counsel Givens to file a report informing the court of the status of defendant's access to

---

[2] The matter was reassigned to the undersigned on January 13, 2021, upon retirement of the judge previously assigned.

legal research and requests for additional resources to prepare for trial. The court also ordered the government to provide to defendant a copy of any body-worn camera, video, or audio recordings of the 609 Grantland Drive search.

Defendant filed the instant motion to dismiss (DE 101, 103), on September 8 and 24, 2021, relying upon a civil complaint he filed in Pasquotank County superior court. Standby counsel Givens filed a status report as directed in the M&R and order on October 4, 2021. The government filed a response and supplemental response to the M&R and order on October 6 and November 4, 2021, regarding its discovery productions. The government also filed a notice in response to standby counsel Givens's status report on October 12, 2021.

In the meantime, defendant filed objections to the M&R, relying upon memoranda of law filed in support of his motion. Defendant also filed a response to standby counsel Givens's report and the government's notice on October 21, 2021. That same date, the magistrate judge denied defendant's motions for defense preparation resources (DE 97) and for hearing (DE 100).

## STATEMENT OF FACTS

The court incorporates herein for ease of reference the following summary of the facts set forth in the M&R.

> The charges relate to an August 5, 2019, robbery of a SunTrust Bank located at 1620 Martin Luther King Jr. Boulevard, Raleigh, North Carolina, and a felon in possession of a firearm charge stemming from an August 30, 2019, warrant-based search of a house located at 609 Grantland Drive, Raleigh, North Carolina. Roughly, a person presented a bank employee with a note claiming to have a bomb and demanding money; the bank employee complied with the demand, which resulted in the bank's loss of $160,000. An anonymous tipster identified Defendant as the bank robber based on still photographs and video released by police. A subsequent warrant based search of a house used as the address to register a car purchased in Defendant's name [the 'search warrant'] resulted in the seizure of a number of items.[3]

---

[3] The search warrant was filed under seal in case number 5:19-MJ-2047-RN. Upon prompting by the court, after the search warrant was filed in support of the government's opposition to the instant motion, the government moved to unseal case number 5:19-MJ-2047-RN, and the case was unsealed on October 5, 2021.

3

(M&R (DE 102) at 2-3).

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

    1.  Motion to Suppress

In the M&R, the magistrate judge thoroughly and cogently addressed defendant's arguments in support of his motion to suppress. Upon de novo review of the M&R and defendant's objections, the court finds the analysis of the M&R to be correct. In particular, the magistrate judge correctly determined that defendant has not demonstrated that special agent Garey made a false statement in the search warrant affidavit "knowingly and intentionally, or with reckless disregard for the truth," or that the asserted false statements regarding defendant's employment were "necessary to the finding of probable cause." Franks, 438 U.S. at 155-156.

Likewise, the magistrate judge correctly determined that defendant has not demonstrated that officers who executed the search warrant exceeded the scope of the warrant to such a degree as to require blanket suppression of all evidence from the search. See United States v. Squillacote, 221 F.3d 542, 556 (4th Cir. 2000). In addition, the fact that portions of the residence were occupied or rented by other persons, and that these persons may have had their own property search and seized, does not justify a blanket exclusion of evidence in the instant criminal case. See Rakas v. Illinois, 439 U.S. 128, 133–34 (1978).

In his objections, defendant argues that the M&R did not adequately address his contention that he was authorized to represent the rights of Home At Heart Properties Group LLC. (Obj. (DE 108) at 5). This argument, however, is beside the point that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." Rakas, 439 U.S. at 133-134. If items seized were property only of the company, then defendant does not have a Fourth Amendment right in this criminal case to challenge their seizure. Id.

Defendant also contends that the M&R did not address his contention that the affiant had access to "paystub" records, showing that he chose to deliberately convey false information. (Obj. at 6). The M&R, however, expressly analyzed defendant's contention that he provided "paystubs" to his state parole officer. (M&R at 8). Defendant has pointed to no evidence that special agent Garey knew defendant was working, contrary to statements in the search warrant affidavit. United States v. Pulley, 987 F.3d 370, 377 (4th Cir. 2021). Nor has defendant demonstrated that the alleged false statements were material to the probable cause determination. Moody, 931 F.3d at 371.

Defendant further argues that the M&R erred in determining that officers acted reasonably in seizing items that were "valuable" or "expensive" on the basis that they were fruits of the bank

5

robbery. (Obj. at 6). However, "law enforcement officers may seize an item pursuant to a warrant even if the warrant does not expressly mention and painstakingly describe it." United States v. Phillips, 588 F.3d 218, 225 (4th Cir. 2009). Alternately, "officers may properly seize articles of incriminating character that they come across while performing a search in a given area pursuant to a valid search warrant." United States v. Uzenski, 434 F.3d 690, 707 (4th Cir. 2006). The warrant in this instance authorized officers to seize "[c]omputers, cellular phones or storage media used . . . [to] store images of the evidence, contraband, fruits and instrumentalities of the crimes." (DE 93-1). It was thus reasonable for officers to seize not only images of the fruits of the crime but also the fruits of the crime themselves, either on the basis of the language of the warrant or as incriminating items in plain view.

Finally, in the same document as his objections, defendant requests a "status correction," for all records to reflect that his "race is Asiatic and [his] nationality is Moorish American," and that his name is "Kijuan Hassan Sharp El." (Obj. at 1, 4). This portion of defendant's objection is immaterial to the court's analysis of the instant motions. Moreover, the relief sought through defendant's unilateral declaration is not cognizable in this criminal case.

In sum, defendant's objections to the M&R are without merit, and defendant's motion to suppress is denied.

    2.       Motion to Dismiss

In his motion to dismiss (DE 101, 103), defendant seeks release or dismissal of the instant criminal case on two grounds: 1) an alleged violation of his speedy trial rights; and 2) alleged violations of his Eighth Amendment rights due to inadequate medical care and physical assault while in custody. The court addresses these grounds in turn below.

6

Case 5:19-cr-00384-FL   Document 113   Filed 12/13/21   Page 6 of 9

a. Speedy Trial Act

"In any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). From this 70-day period, the court excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). In addition, the court excludes "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Here, because of these exclusions, the 70-day speedy trial time has not yet run. In particular, the speedy trial time was excluded during the pendency of the instant motion to suppress. In addition, the speedy trial time was excluded during multiple periods of time where the court granted a continuance finding that the ends of justice served by taking such action outweighed the best interests of the public and the defendant in a speedy trial. (See, e.g., DE 18, 23, 32, 51, 72, 88). Defendant's citation in his motion to 18 U.S.C. § 3164 is inapposite, because defendant is not being held in detention solely because he is awaiting trial or due to high risk, and the time period described therein is in any event subject to the same exclusions.

Therefore, defendant's motion to dismiss premised on an alleged speedy trial violation is denied.

b. Eighth Amendment

The alleged Eighth Amendment violations asserted by defendant do not provide a basis in this criminal case for release or dismissal. To the extent defendant asserts that he was provided inadequate medical care or subjected to excessive force, this may provide a basis for a civil complaint for damages, as asserted in his complaint in Pasquotank County superior court, or in a portion of his complaint allowed to proceed in Case No. 5:20-CT-3282-M (Order, Sept. 23, 2021).[4] In neither instance is dismissal or release in the instant criminal case a cognizable form of relief.

Defendant also suggests that the court should consider his past motions regarding inadequate defense resources, such as his motions for defense preparation resources (DE 97) and for hearing (DE 100), which were addressed in the magistrate judge's October 21, 2021, order. Upon review, the court finds that the magistrate judge cogently and thoughtfully addressed the issues by defendant's motion.

Therefore, defendant's motion to dismiss in this part is denied.

3. Review of Discovery and Trial Scheduling

In its supplemental report filed November 4, 2021, the government states that it will be producing twenty video files, as well as an additional 924 pages of documentary discovery, supplementing its last production on or about March 4, 2020. Additionally, it notes that it has approximately 119 pieces of physical evidence in its custody, which it will make available to defendant to inspect, through coordination with stand-by counsel.

Where the court has decided all pending motions, the case is ready to proceed to a pretrial conference for purposes of coordinating and scheduling trial. However, the court is mindful of the

---

[4] Defendant also has commenced three civil rights cases which are the subject of review by the court in those separate cases. See 5:21-ct-03209-FL, Sharp v. Gary et al, (filed July 9, 2021); 5:21-ct-03328-BO, Sharp v. Albemarle District Jail, (filed October 26, 2021); and 5:21-ct-03338-FL, Sharp v. Albemarle District Jail (filed November 8, 2021).

need for defendant to review the new discovery materials in furtherance of his trial preparation. Pursuant to Federal Rule of Criminal Procedure 17.1, the court sets pretrial conference to take place on Tuesday, December 21, 2021, at 3:30 p.m., for purposes of determining the time period needed for defendant to prepare for trial and for scheduling of trial. In light of the government's supplemental discovery production and defendant's trial preparation needs, the court finds that the ends of justice served by this continuance up to the date of the pretrial conference outweigh the best interests of the public and the defendant in a speedy trial.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R and DENIES defendant's motion to suppress (DE 85). In addition, the court DENIES defendant's motion to dismiss (DE 101, 103). Pursuant to Federal Rule of Criminal Procedure 17.1, the court sets pretrial conference to take place on Tuesday, December 21, 2021, at 3:30 p.m. for purposes of scheduling trial.

SO ORDERED this the 13th day of December, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge