IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-00384-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **PRELIMINARY ORDER** |
| | : | **OF FORFEITURE** |
| KIJUAN HAASSAN SHARP | : | |

WHEREAS, the above-named defendant has pleaded guilty pursuant to a written plea agreement to Count(s) One of the Criminal Indictment, charging the defendant with offenses in violation of 18 U.S.C. § 2113(a);

AND WHEREAS, the government has filed a motion for entry of a Preliminary Order of Forfeiture, showing unto the Court: that the defendant personally obtained at least $160,600.00 in proceeds from the offense, and that he/she made the proceeds unavailable as a result of his/her acts or omissions and one or more of the conditions to forfeit substitute assets exists, as set forth in 21 U.S.C. § 853(p); that each item of property constitutes, or is derived from, proceeds traceable to the offense(s) to which he/she pled guilty, and is thereby subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C); and that the defendant individually, or in combination with one or more co-defendants, has or had an ownership, beneficial, possessory, or other legal interest in and/or exercised dominion and control over each item of property that is subject to forfeiture herein;

1

NOW, THEREFORE, based upon the defendant's guilty plea, the points and authorities in the government's motion, and all of the evidence of record in this case, the Court FINDS as fact and CONCLUDES as a matter of law that there is a nexus between each item of property listed below and the offense(s) to which the defendant has pleaded guilty, and that the defendant (or any combination of defendants in this case) has or had an interest in the property to be forfeited.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The following property is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2) and 18 U.S.C. § 981(a)(1)(C):

    Forfeiture Money Judgment:

    a) A sum of money in the amount of $160,600.00, representing the gross proceeds personally obtained by the defendant as a result of the bank robbery offense for which he/she has been convicted; and an amount for which the defendant shall be solely liable and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p).

2. The following additional property of the defendant is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2), 18 U.S.C. § 981(a)(1)(C) and/or 21 U.S.C. § 853(p), as either directly forfeitable or substitute assets to satisfy the forfeiture money judgment referenced above in whole or in part, not to exceed the value of $160,600.00:

Personal/Substitute Property:

b) $8,013 in U.S. Currency

c) One (1) Gucci G-Timeless Le Marche des Merveilles YA126487B

d) One (1) 10 karat Yellow Gold $100.00 US Bill Charm on Yellow Gold Link Chain

e) One (1) Multi Diamond Cross on Yellow Gold Rope Chain

f) One (1) Multi Diamond *100* Emoji Charm on Yellow Gold Rope Chain

g) Two (2) Multi Diamond Charms (Praying Hands and Money Bag) on Yellow Gold Rope Chain

h) One (1) Ladies Multi Diamond Band, White Gold Mounting with Ten (10) Round Brilliant Cut Diamonds and Thirty (30) Round Full Cut Diamonds

i) One (1) Ladies Multi Diamond Finger Ring, White Gold Mounting with Sixty-three (63) Round Full Cut Diamonds

j) One (1) Ladies Multi Diamond Finger Ring Manufactured by ELO, White Gold Mounting with Round Full Cut Diamonds weighing approximately 1.22 carat total weight

k) One (1) Gents Multi Diamond Finger Ring, White and Yellow Gold Mounting with Three (3) Rows of Round Brilliant Cut Diamonds and Forty-Seven (47) Round Full Cut Diamonds

l) One (1) Gents Multi Diamond Finger Ring, White and Yellow Gold Mounting with Nineteen (19) Round Brilliant Cut Diamonds set on

Round Cluster Top

m) One (1) Ladies Multi Diamond Ring, White and Yellow Gold Mounting with Round Brilliant Cut Diamonds set in Round Halo Cluster

n) One (1) Ladies Multi Diamond Band, White Gold Mounting manufactured by DDD with Seven (7) Round Brilliant Cut Diamonds and Thirty-two (32) Round Full Cut Diamonds

o) One (1) Ladies Black and White Diamond Ring, White Gold with Five (5) Round Black Diamonds surrounded by White Halo Diamonds

p) One (1) Fresh Water Pearl Bracelet

q) One (1) Ladies Multi Diamond Line Bracelet, Sterling with Fifty-One (51) Diamonds in hinged links

r) One (1) Ladies Multi Diamond Line Bracelet, White Gold with Forty-five (45) Diamonds in hinged links

s) One (1) Ladies Multi Diamond Line Bracelet, Yellow Gold with Fifty-six (56) Diamonds in hinged links

t) One (1) Ladies Multi Diamond Line Bracelet, White Gold with Thirty-two (32) Diamonds in hinged links

u) One (1) Pair of Illusion Set Cluster Diamond Earrings set in Yellow Gold.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the U.S. Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee is authorized to seize, inventory, and otherwise maintain custody and control of the

property, whether held by the defendant or by a third-party. **Any person who knowingly destroys, damages, wastes, disposes of, transfers, or otherwise takes any action with respect to the property, or attempts to do so, for the purpose of preventing or impairing the Government's lawful authority to take such property into its custody or control or to continue holding such property under its lawful custody and control, may be subject to criminal prosecution pursuant to 18 U.S.C. § 2232(a).**

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

5. To the extent this Order constitutes a personal forfeiture money judgment against the defendant, the United States is not required to send or publish notice of the same, as there is no specific property to be forfeited. However, this Order may be recorded in the records of the Clerk of Court in any county in which the defendant resides or has either real or personal property as a lien thereon. Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to forfeit other property in which the defendant has an interest, whether directly forfeitable or substitute assets, to satisfy this forfeiture money judgment in whole or in part; provided that the net proceeds of any

5

forfeited assets, including the specified personal property listed in paragraph(s) 2 above, shall be credited toward satisfaction of the judgment upon liquidation.

6. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall provide notice of this Order and of its intent to dispose of the specified real and/or personal property listed above, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States shall then file a Notice with the Court documenting for the record: (1) proof of publication, or the government's reliance on an exception to the publication requirement found in Supplemental Rule G(4)(a)(i); and (2) the government's efforts to send direct notice to all known potential third-party claimants in accordance with Supplemental Rule G(4)(b)(iii), or a representation that no other potential claimants are known to the government. This Order shall not take effect as the Court's Final Order of Forfeiture until an appropriate Notice has been filed and the time in which any third parties with notice of the forfeiture are permitted by law to file a petition has expired.

7. **Any person other than the above-named defendant, having or claiming any legal interest in the subject property must, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court to adjudicate the validity of the asserted interest pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and shall set**

**forth: the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.**

8. If one or more timely petitions are received by the Court, the Court will enter a separate scheduling order governing the conduct of any forfeiture ancillary proceedings under Fed. R. Crim. P. 32.2(c). Following the Court's disposition of all timely filed petitions, a Final Order of Forfeiture that amends this Order as necessary to account for any third-party rights shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6). The receipt of a petition as to one or more specific items of property shall not delay this Order of Forfeiture from becoming final, in accordance with the following paragraph, as to any remaining property to which no petition has been filed.

9. If no third party files a timely petition, or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall dispose of the property according to law, including without limitation liquidation by sale or any other commercially feasible means, destruction, and/or retention or transfer of an asset for official use. The United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7).

7

Case 5:19-cr-00384-FL Document 137 Filed 06/27/22 Page 7 of 8

10. Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at sentencing.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED, this the 27th day of June, 2022.

_____
LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE