IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-384-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KIJUAN HASSAN SHARP, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for extension of time to file § 2255 petition (DE 156), motion to appoint counsel (DE 157), and attachment to § 2255 motion (DE 160).

There is no right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). Appointment of counsel may be authorized if the "court determines that the interests of justice so require . . . for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(2). In this instance, the court determines that the interests of justice do not require appointment of counsel at this juncture in the proceedings. Therefore, defendant's motion to appoint counsel is DENIED.

Concerning defendant's motion for extension of time, the court lacks jurisdiction to consider a motion for extension of time to file a § 2255 petition. See United States v. Harris, 304 F. App'x 223, 223 (4th Cir. 2008); United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007). Nevertheless, a district court may opt to recharacterize a timely motion for an extension of time as

a § 2255 petition where it raises "potential grounds for relief" challenging the original judgment of conviction. Id.

Accordingly, where defendant's motions assert potential grounds for challenging his conviction and sentence in post-conviction proceedings, on the basis of a claim of prosecutorial conduct and claims related to his guilty plea, including requests for post-conviction discovery, the court hereby provides petitioner with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize the instant motions as an attempt to file a motion to vacate, set aside, or correct, his sentence under 28 U.S.C. § 2255. Pursuant to Castro, the court warns defendant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." Castro, 540 U.S. at 383. In addition, the court provides defendant with an opportunity to withdraw the motions or to amend them so that they contain all the § 2255 claims he believes he has. Id. The court also notifies defendant of the § 2255 one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255(f). Finally, the court notifies defendant there are requirements in the Rules Governing Section 2255 Proceedings for the United States District Courts for the form of a § 2255 motion and for preliminary review. See, e.g., Sanford v. Clarke, 52 F.4th 582, 586 nn. 3 & 5 (4th Cir. 2022); Title 28 U.S.C.A., Part VI, Chapter 153; see also Fed. R. Civ. P. 81(a)(4)(A); Local Civil Rule 81.2.

The court hereby permits defendant to file a response to the court's proposed recharacterization within **21 days** from the date of this order. The court advises defendant that if, within the time set by the court, he agrees to have the motions recharacterized or does not respond in opposition to the recharacterization, the court shall consider them to be a motion under § 2255

2

Case 5:19-cr-00384-FL   Document 162   Filed 07/27/23   Page 2 of 3

and shall consider them filed as of the date the original motion.[1] If, however, defendant responds within the time set by the court but does not agree to have the motions recharacterized, the court will not treat them as a § 2255 motion but will terminate the motions based upon the foregoing in accordance with the applicable procedural and jurisdictional rules of law governing criminal case matters.

SO ORDERED, this the 27th day of July, 2023.

LOUISE W. FLANAGAN
United States District Judge

---

[1] Generally, a § 2255 motion filed before conclusion of direct appeal "would have been premature at that time." Walker v. Connor, 72 Fed. App'x 3, 3 (4th Cir. 2003). However, where the court of appeals "recently issued a decision on direct appeal, [defendant's] 2255-type claims are now ripe for disposition," provided defendant does not object to recharacterization. Id.

3